UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

KENNETH CHATMAN,

  Plaintiff,  CASE NO.: 1:18-cv-00089

-VS-

SYNCHRONY BANK,

  Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, Kenneth Chatman, by and through the undersigned counsel, and sues Defendant, Synchrony Bank, and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA").

**INTRODUCTION**

1. The TCPA was enacted to prevent companies like Defendant from invading American citizens' privacy and prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, –US--, 132 S.Ct. 740, 745, 181 L.Ed.2d 881 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: "telling the auto-

1

dialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.,* 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), http://transition.fcc.gov/Daily_Releases/Daily_Business/2015/db0527/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorney fees and costs.

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person, and citizen of the State of Alabama, residing in Mobile, Mobile County, Alabama.

9. Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

10. Plaintiff is an "alleged debtor."

11. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

12. Defendant is a corporation with its principal place of business located at 170 West Election Road, Suite 125, Draper, Utah 84020 and doing business in the State of Alabama.

13. The debt that is the subject matter of this Complaint is a "consumer debt" as a defined by Florida Statute §559.55(6).

14. Defendant is a "creditor" as defined in Florida Statute §559.55(5).

15. Defendant called Plaintiff on Plaintiff's cellular telephone approximately six hundred (600) times in an attempt to collect a debt.

16. Defendant attempted to collect an alleged debt from Plaintiff by this campaign of telephone calls.

17. Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator (including

but not limited to a predictive dialer) or an artificial or pre-recorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "auto-dialer calls"). Plaintiff will testify that he knew it was an auto-dialer because of the vast number of calls he received and because when he answered a call from the Defendant he would hear either an extended pause before a representative would come on the line, or an automated message telling him the call was from Defendant.

18. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (251) *** - 1666, and was the called party and recipient of Defendant's hereinafter described calls.

19. Defendant placed an exorbitant number of automated calls to Plaintiff's cellular telephone number (251) *** - 1666 in an attempt to collect on credit card debt.

20. Upon receipt of the calls from Defendant, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following phone numbers: (330) 433-5831, (330) 433-5979, (800) 641-4526, (937) 534-2103, (330) 433-5966, (469) 914-7211, and (877) 561-2272, and when those numbers are called, a pre-recorded message answers and notifies the caller that the entire call will be monitored and recorded.

21. Furthermore, some or all of the calls at issue were placed by the Defendant using a "pre-recorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

22. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

23. On or about July 5, 2016, Plaintiff received a call from the Defendant, met with an extended pause, eventually was connected to a live representative, and informed that agent/representative of Defendant that he was aware of his obligations and demanded that the Defendant cease placing calls to his aforementioned cellular telephone number.

24. During the aforementioned phone conversation on or about July 5, 2016 with Defendant's agent/representative, Plaintiff unequivocally revoked any express consent Defendant may have had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

25. Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express consent" of the Plaintiff.

26. Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was knowing and willful.

27. Again, in or about August of 2016, due to the continued campaign of telephone calls from Defendant, Plaintiff received a call from the Defendant, met with an extended pause, eventually was connected to a live representative, and informed that agent/representative of Defendant that he previously requested Defendant stop calling his cellular telephone, and again demanded that the Defendant cease placing calls to his aforementioned cellular telephone number.

28. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse, calling the Plaintiff despite the Plaintiff revoking any express

consent the Defendant may have had to call his aforementioned cellular telephone number.

29. On at least five (5) separate occasions, Plaintiff has either answered a call from Defendant or returned a call to Defendant regarding his account(s), held the line to be connected to a live representative, and demanded that Defendant cease placing calls to his aforementioned cellular telephone number. His principal reason for answering these calls and making these demands of Defendant was the cumulative injury and annoyance he suffered from the calls placed by Defendant. These injuries are further described in paragraphs thirty (30) through thirty-six (36) herein.

30. Each of the Plaintiff's requests for the harassment to end was ignored.

31. From about July 5, 2016 through the filing of this Complaint, Defendant has placed approximately five-hundred fifty (550) actionable calls to Plaintiff's aforementioned cellular telephone number. (Please see attached **Exhibit "A"** representing a non-exclusive call log of four-hundred eighty-three (483) calls from July 5, 2016 through August 29, 2016).

32. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling multiple times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

33. From each and every call placed without express consent by Defendant to Plaintiff's cellular telephone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

34. From each and every call without express consent placed by Defendant to Plaintiff's cellular telephone, Plaintiff suffered the injury of the occupation of his cellular telephone line and cellular telephone by unwelcome calls, making the cellular telephone unavailable for legitimate callers or outgoing calls while the phone was ringing from Defendant call.

35. From each and every call placed without express consent by Defendant to Plaintiff's cellular telephone, Plaintiff suffered the injury of unnecessary expenditure of his time. Plaintiff had to waste time to deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular telephone, which are designed to inform the user of important missed communications.

36. Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular telephone, which are designed to inform the user of important missed communications.

37. Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone resulted in the injury of unnecessary expenditure of Plaintiff's cellular telephone's battery power.

38. Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone resulted in the injury of a trespass to Plaintiff's chattel, namely his cellular telephone and his cellular telephone services.

39. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, anxiety, and aggravation.

40. Defendant's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Defendant they do not wish to be called.

41. Defendant's corporate policy provided no means for Plaintiff to have Plaintiff's number removed from Defendant's call list.

42. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

43. Defendant has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

44. Defendant has had numerous complaints against it from consumers across the country asking to not be called; however, Defendant continues to call these individuals.

45. Defendant violated the TCPA with respect to the Plaintiff.

46. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
**(Violation of the TCPA)**

47. Plaintiff incorporates paragraphs one (1) through forty-six (46) above as if fully set forth herein.

48. Defendant willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Plaintiff did not wish to receive any telephone communication from Defendant, and demanded for the calls to stop.

49. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Synchrony Bank for statutory damages, treble damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

Respectfully Submitted,

s/*Shaughn C. Hill*
Shaughn C. Hill, Esquire
FBN: 105998
Morgan & Morgan, Tampa, P.A.
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
SHill@forthepeople.com
LCrouch@forthepeople.com
SLauredan@forthepeople.com
Attorney for Plaintiff

Case 1:18-cv-00089-CG-B   Document 1   Filed 02/23/18   Page 10 of 10

Case 1:18-cv-00089-CG-B   Document 1   Filed 02/23/18   Page 10 of 10